Carol D. SMITH, Appellant,

v.

ST. BERNARDS REGIONAL MEDICAL CENTER; Fran Bower; Dianne Moss; Mary Lou Wilson; Pat Overman, Appellees.

No. 93–1718.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1994.

Decided March 25, 1994.

Barry A. Bryant, Texarkana, TX, argued, for appellant.

Paul D. Waddell, Jonesboro, AR, argued, for appellee.

Before BOWMAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Carol D. Smith appeals from the district court's order, dismissing without prejudice Smith's complaint of race discrimination for failure to state a claim. We affirm in part, and reverse and remand in part.

Smith, who is black, was employed as a nurse technician at St. Bernards Regional Medical Center (St. Bernards), and, on February 7, 1992, she was terminated for insubordination. Smith filed a complaint with the Equal Employment Opportunity Commission (EEOC), charging that she was terminated because of her color. After exhausting her administrative remedies, Smith filed this pro se complaint against St. Bernards and four former co-workers, alleging that one co-worker "was paranoid of blacks" and another co-worker "was overheard as saying she was prejudice[d]. All other blacks on 11–7 that were hired there while I worked was discharged because they were usually set-up" by one of the co-workers. She sought only reinstatement.

The magistrate judge, to whom the case was referred by consent of the parties under 28 U.S.C. § 636(c), granted defendants' motion to dismiss and entered judgment against Smith, dismissing the action without prejudice. On appeal, Smith argues that her complaint was sufficient to state a claim under Federal Rule of Civil Procedure 12(b)(6).

This court reviews dismissals under Rule 12(b)(6) de novo. *Ring v. First Interstate Mortgage, Inc.*, 984 F.2d 924, 926 (8th Cir.1993). The complaint may not be dismissed "unless it appears beyond doubt that [Smith] can prove no set of facts in support of [her] claim which would entitle [her] to relief." *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). We also must liberally construe Smith's pro se complaint. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam).

We conclude that the claims against the individual defendants were properly dismissed because liability under 42 U.S.C. § 2000e(b) can attach only to employers. We conclude, however, that Smith's allegations were sufficient to state a claim against St. Bernards. *See Moore v. Clarke*, 821 F.2d 518, 519 (8th Cir.1987). Smith alleged that St. Bernards discharged her because of her color, in violation of Title VII of the Civil Rights Act of 1964. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim" that gives fair notice of the plaintiff's claim and grounds for relief. It is abundantly clear, moreover, that there are many sets of facts that could be proved under this complaint that would entitle plaintiff to relief; and that, as we have already indicated, is all that *Conley* requires.

Accordingly, we affirm in part, and reverse and remand in part for further proceedings consistent with this opinion.