27 F.3d 571
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Dean BENTER, Appellant,
v.
Paul HEDGEPETH; Marty Rung; Dan Owens; Officer Garrett, Appellees.
 No. 94-1583.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 19, 1994.
Filed: June 29, 1994.
 
 Before WOLLMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Dean Benter, an Iowa prisoner, appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). We reverse.
 
 
 2
 We review a district court's dismissal of a complaint under section 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992). A court may dismiss a claim as frivolous only if "the facts alleged rise to the level of the irrational or the wholly incredible," id. at 1733, or the claim is "based on an indisputably meritless legal theory," Neitzke v. Williams, 490 U.S. 319, 327 (1989).
 
 
 3
 In his complaint, Benter alleged that a fire occurred in front of his cell, that he was never evacuated, and that he was consequently forced to suffer smoke inhalation for two hours. Benter also alleged that he was denied medical treatment for his serious medical needs because, after he suffered the smoke inhalation, the prison nurse merely told him to "take Tylenol."
 
 
 4
 The district court concluded that Benter failed to allege sufficient facts to establish that defendants acted with deliberate indifference to his health and safety, and therefore, Benter's complaint was frivolous. See Wilson v. Seiter, 501 U.S. 294, 298-99 (1991) (to violate Eighth Amendment, conditions or treatment must constitute cruel and unusual punishment and defendants must have acted with culpable state of mind). Federal Rule of Civil Procedure 8(a)(2), however, "requires only 'a short and plain statement of the claim' that gives fair notice of the plaintiff's claim and grounds for relief." Smith v. St. Bernards Regional Medical Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994); see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 113 S. Ct. 1160, 1163 (1993).
 
 
 5
 It is clear that subjecting inmates to hazardous conditions could amount to cruel and unusual punishment. Cf. Helling v. McKinney, 113 S. Ct. 2475 (1993) (exposure to environmental tobacco smoke); Powell v. Lennon, 914 F.2d 1459 (11th cir. 1990) (exposure to asbestos); Johnson-El v. Schoemehl, 878 F.2d 1043 (8th Cir. 1989) (exposure to fumes from pesticides). In addition, medical treatment that is "so cursory as to amount to no treatment at all" can state a cause of action under the Eighth Amendment. See Ancata v. Prison Health Serv., 769 F.2d 700, 704 (11th Cir. 1985). As a result, we conclude that the district court abused its discretion in dismissing as frivolous Benter's complaint because he alleged sufficient facts to put defendants on notice of the claims against them, and his claims did not lack an arguable basis in law. On the contrary, "there are many sets of facts that could be proved under this complaint that would entitle [Benter] to relief." Smith, 19 F.3d at 1255.
 
 
 6
 Accordingly, we reverse and remand to the district court for further proceedings consistent with this opinion.
 
 
 7
 ROGER L. WOLLMAN, Circuit Judge, dissents.