Attardo v. Sullivan & Gregg          CV-94-189-JD  01/09/96
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Cynthia Attardo

        v.                              Civil No. 94-189-JD

Sullivan & Gregg, P.A., et al.


                        O R D E R


     The defendants have filed a motion to dismiss or in the
alternative a motion for partial summary judgment (document no.
26) to which the plaintiff has objected.

     Defendant Sullivan & Gregg, P.A. ("law firm") moves to
dismiss plaintiff's claim for compensatory damages for violations
of Title VII, 42 U.S.C. § 2000-e.  The motion is granted, except
however to the extent that plaintiff is entitled to any relief
specified in 42 U.S.C. § 2000-e-5(g)(1), including an award of
back pay.

     Defendant Paul Creme moves to dismiss plaintiff's claims
against him under Title VII on the ground that Title VII allows
for relief only against the employer and not against individual
employees.  The United States Court of Appeals for the First
Circuit has not yet ruled on this issue.  However, a majority of
circuit courts that have addressed this issue have ruled that
employees are not individually liable for Title VII violations.
See Tomka v. Seiler Corp., 66 F.3d 1295, 1313-1317 (2d Cir.

1995); <u>EEOC v. AIC Sec. Investigations, Ltd.</u>, 55 F.3d 1276, 1282 (7th Cir. 1995) (ADEA); <u>Cross v. Alabama Dept. of Mental Health & Mental Retardation</u>, 49 F.3d 1490, 1504 (11th Cir. 1995) (Title VII); <u>Smith v. Lomax</u>, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (ADEA and Title VII); <u>Birkbeck v. Marvel Lighting Corp.</u>, 30 F.3d 507, 510-511 (4th Cir.) (ADEA), <u>cert. denied</u>, 115 S. Ct. 666 (1994); <u>Smith v. St. Bernards Regional Medical Ctr.</u>, 19 F.3d 1254, 1255 (8th Cir. 1994) (co-employee, Title VII); <u>Sauers v. Salt Lake County</u>, 1 F.3d 1122, 1125 (10th Cir. 1993) (Title VII); <u>Miller v. Maxwell's Int'l</u>, 991 F.2d 583, 587-88 (9th Cir. 1993), <u>cert. denied</u>, 114 S. Ct. 1049 (1994); <u>Harvey v. Blake</u>, 913 F.2d 226, 227-28) (5th Cir. 1990) (Title VII). <u>But See</u>, <u>Paroline v. Unisys Corp.</u>, 879 F.2d 100, 104 (4th Cir. 1989), <u>rev'd in part, aff'd in relevant part</u>, 900 F.2d 27 (4th Cir. 1990) (en banc). The court finds the reasoning of the majority of the circuits persuasive. Therefore, the motion to dismiss the Title VII claim against Paul Creme individually is granted.

Defendants move for summary judgment on plaintiff's claims of hostile work environment. Applying the summary judgment standard, the court finds there are genuine issues of material fact surrounding these claims. Therefore, the defendants' motion is denied.

Defendants move to dismiss plaintiff's second claim for relief based on a violation of 42 U.S.C. § 1981a. The remedies set forth in 42 U.S.C. § 1981a are in addition to those allowed under Title VII and cannot be applied retroactively to events occurring before November 21, 1991, the effective date of the Civil Rights Act of 1991. Therefore, since the plaintiff's claims arise out of events occurring prior to the effective date of the act, the defendants' motion must be granted. Claim two is dismissed.

Defendants move to dismiss plaintiff's claim under N.H. Rev. Stat. Ann. ("RSA") § 354-A on the ground that the statute does not create a private cause of action. The motion is granted based on the reasoning set forth in Rowe v. Foster's Daily Democrat, No. 94-523-SD, slip op. at 7 (D.N.H. August 24, 1995). Claim three is dismissed.

Defendant law firm moves to dismiss plaintiff's fourth, fifth, sixth, and seventh claims alleging intentional torts on the ground that under New Hampshire's Worker's Compensation Act, RSA § 281-A:8, it cannot be held liable for such torts. The plaintiff agrees, and therefore, claims four, five, six, and seven against the law firm are dismissed.

Defendant Creme moves for partial summary judgment on plaintiff's claim for intentional infliction of emotional

3

distress on the ground that her medical records do not support such a claim.  The court finds that there are genuine issues of material fact, and therefore the motion is denied.

Defendant Creme moves for dismissal of plaintiff's assault claim on the ground that plaintiff has failed to state a cause of action upon which relief can be granted.  The motion is denied.

Defendant Creme moves for summary judgment on plaintiff's claim for defamation on the ground that the communications were privileged.  The court finds that there are genuine issues of material fact.  The motion is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

January 9, 1996

cc:  Daniel W. Cronin, Esquire
     Michael J. Farley, Esquire
     Andrea K. Johnstone, Esquire

4