MORRIS SHEPPARD ARNOLD, Circuit Judge,
dissenting.
I would reverse the district court’s judgment in this case.
In the first place, although the court adverts to our duty to construe pro se complaints liberally, it does not in fact apply that principle to this case. I believe that Mr. Walker stated facts that, if true, would amount to deliberate indifference on the part of the defendant. The court states that Mr. Walker “[njowhere in his complaint invoke[s] his constitutional rights or allege[s] any violation of the Constitution or federal laws.” With respect, I believe that that is not so. Mr. Walker’s form states that he is “filing a complaint under the Civil Rights Act, 42 U.S.C. § 1983.” The court cites no case that requires a pro se plaintiff specifically to identify the constitutional right that he or she is being deprived of, and even if there were such a case, given the context of this case, the right that furnishes the basis of Mr. Walker’s complaint is obvious.
All Rule 8 requires is “a short and plain statement of the claim ... and ... a demand for judgment for the relief that the party seeks.” The plaintiff has done that here. The court seems to have erected a heightened pleading standard in this pro se case, a practice specifically disapproved of in Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). See also Bramlet v. Wilson, 495 F.2d 714 (8th Cir.1974); Smith v. St. Bernards Regional Medical Center, 19 F.3d 1254 (8th Cir.1994). The fact, if it is a fact, that Mr. Walker “has the legal expertise necessary to bring a pro se complaint alleging a constitutional violation,” as the court puts it, is irrelevant. Since he is not required to have any legal expertise, the fact that he might have some is of no consequence.
In the second place, Mr. Walker objected to the Magistrate Judge’s recommendation by observing that the Eighth Amendment mandates safe conditions of confinement and that defendant’s reckless failure to remedy unsafe conditions amounted to deliberate indifference. At the very least, the district court should have treated this objection as a motion to amend the complaint and should have allowed the case to proceed.
I therefore respectfully dissent.