Laura **WOODRUM**, Plaintiff,

v.

**LANE BRYANT THE LIMITED, INC., et al., Defendants.**

**Civil Action No. 3:96CV–723–H.**

United States District Court,
W.D. Kentucky,
Louisville Division.

May 20, 1997.

J. Andrew White, White, Morrison & Bolus, Louisville, KY, for Plaintiff.

Richard S. Cleary, Brent R. Baughman, Greenebaum, Doll & McDonald, Louisville, KY, Susan A. Cohen, Joseph F. Murray, Vorys, Sater, Seymour & Pease, Columbus, OH, for Defendants.

## REVISED MEMORANDUM AND ORDER

HEYBURN, District Judge.

The Court has before it Plaintiff's motion to remand this case to state court. This matter was referred to United States Magistrate Judge James D. Moyer. The Magistrate Judge filed his Findings of Fact, Conclusions of Law and Recommendation to which Plaintiff now objects. Plaintiff makes

several arguments in opposition to the Magistrate's conclusions and in support of her own contention that Christopher Wermers and Hi Lopesilvero are real parties in interest properly joined in this action for purposes of the removal statute, 28 U.S.C. § 1441(b). The crux of Plaintiff's arguments is that Wermers and Lopesilvero can be held personally liable for their actions under the Kentucky Civil Rights Act, KRS Chapter 344.[1]

Kentucky courts look to federal law in interpreting the Kentucky Civil Rights Act. *See* KRS 344.020(1)(a) (stating that the policy of the Kentucky Civil Rights Act is: "To provide for execution within the state of the policies embodied in the Federal Civil Rights Act of 1964 ... and the Civil Rights Act of 1991."); *see also Gafford v. General Elec. Co.*, 997 F.2d 150, 166 (6th Cir.1993).

The issue which Plaintiff raises—whether employees or agents are subject to individual liability under Title VII—is a legitimate one, even though most circuits have concluded that individual employees are not liable. In fact, no circuit court has yet declared unequivocally that employees or agents are subject to individual liability under Title VII.[2] The First, Sixth and Tenth Circuits have left the question open.[3] The remainder have concluded that only the employer is liable under Title VII.[4] Within the Sixth Circuit, the strongest rationales supporting individual liability are found in two persuasive district court opinions. *See Johnson v. Uni-*

*versity Surgical Group Associates*, 871 F.Supp. 979 (S.D.Ohio 1994); *Wilson v. Wayne County*, 856 F.Supp. 1254 (M.D.Tenn. 1994). However, no other circuits have adopted Judge Spiegel's or Judge Higgins' analysis.

There are real difficulties with the statutory analysis that concludes that individuals are not liable under Title VII. The statutory language of Title VII could, arguably, support both views. However, the policies of Title VII are best served by the conclusion that individuals are not liable under Title VII. Part of the policy behind Title VII is to encourage employers to eliminate discriminatory conditions or remedy an abusive workplace atmosphere. By excluding individual liability, the statute, in effect, requires that employers either correct or defend any individual conduct. This has the effect of providing employers with a strong incentive to eliminate any possible harassment or other conduct which creates an abusive work environment.[5] The Court concludes that the weight of the authority in other circuits and district courts within Kentucky as well as the weight of the policy arguments opposing individual liability counsels for the view of the Magistrate Judge that individuals are not liable under Title VII or KRS Chapter 344.

The Court accepts the Findings of Fact, Conclusions of Law and Recommendation of the Magistrate Judge. Being otherwise sufficiently advised,

1. KRS 344.030 defines an employer as "a person who has eight (8) or more employees within the state ... and an agent of such a person...."

2. Although the Fourth Circuit has allowed individuals to be held liable under Title VII, it has done so only under certain circumstances. *See Paroline v. Unisys Corp.*, 879 F.2d 100, 104 (4th Cir.1989) ("An individual qualifies as an 'employer' under Title VII if he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing or conditions of employment.").

3. In *Ball v. Renner*, 54 F.3d 664, 668 (10th Cir. 1995), file court noted that file question of individual liability under Title VII was an open one in the Tenth Circuit, and declined to resolve it. The First and Sixth Circuits have not yet addressed the issue definitively.

4. *See Dici v. Pennsylvania*, 91 F.3d 542, 552 (3d Cir.1996); *Williams v. Banning*, 72 F.3d 552, 555

(7th Cir.1995); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313–17 (2d Cir.1995); *Gary v. Long*, 59 F.3d 1391, 1399 (D.C.Cir.1995); *Cross v. Alabama State Dept. of Mental Health and Mental Retardation*, 49 F.3d 1490, 1504 (11th Cir.1995); *Smith v. St. Bernards Regional Medical Center*, 19 F.3d 1254, 1255 (8th Cir.1994); *Grant v. Lone Star Co.*, 21 F.3d 649, 651–53 (5th Cir.1994); *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587–88 (9th Cir.1993).

5. Judge Speigel's concern that a plaintiff may be left without a remedy if Title VII does not allow individual liability is implicated primarily in cases dealing with a hostile work environment, since in rinse cases if an employer takes immediate corrective action it may be absolved of Title VII liability even though the plaintiff may not have been compensated for her mental distress. *See Johnson*, 871 F.Supp. at 986.

IT IS HEREBY ORDERED that Plaintiff's motion to remand this action to state court is DENIED.