**Daniel Johnson WILLIS, Plaintiff,**

v.

**MCI TELECOMMUNICATIONS, Bert Roberts, as CEO; MCI Network Services, and Doug Kelly, as Vice President, Defendants.**

**No. 4:97–CV–183–H.**

United States District Court,
E.D. North Carolina,
Eastern Division.

April 2, 1998.

Daniel Johnson Willis, Trenton, NC, pro se.

Julian H. Wright, Jr., Robinson, Bradshaw & Hinson, Charlotte, NC, for MCI Telecomm., Bert Roberts, CEO, MCI Network Services, Doug Kelly, Vice President, defendants.

## ORDER

HOWARD, District Judge.

This matter is before the court on defendants' motion to dismiss and motion to strike. Plaintiff has responded and this matter is ripe for review.

### STATEMENT OF THE CASE

On October 9, 1997, plaintiff filed his *pro se* complaint against various defendants alleging jurisdiction pursuant to 47 U.S.C. § 201(b), Federal Communications Act of 1934, 47 U.S.C. §§ 151, *et seq.*, 47 U.S.C. § 207, Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1341, 1343, and the Fourteen Amendment to the United States Con-

stitution and seeking $20 million in damages. Although the complaint was difficult to comprehend, the basis of plaintiff's complaint, as the court can glean from the complaint and by subsequently filed pleadings, is that defendants conspired and deceived plaintiff and used the United States mails and interstate wires to create or further a scheme to defraud. Plaintiff also alleges racial discrimination by defendants. All of plaintiff's claims stem from his allegation that defendants charged him for long distance telephone service when defendants were not his long distance telephone carrier. Moreover, plaintiff states that defendants "failed and refused to give [plaintiff] a copy of the notification method used or to be used to alert customers of the methods [defendants] employ[ ] to guard against erroneous charges, and in more particularly, against blacks who are active civil rights activists." Pl.'s Rep. to Defs.' Mot. to Dismiss ¶ 19. Defendants have moved to dismiss pursuant to Rule 12 for improper service, improper naming of a party and failure to state a claim. Defendants have also filed a motion to strike plaintiff's untimely responses to the motions to dismiss.

### COURT'S DISCUSSION

In reviewing a motion to dismiss, the court should view the allegations of the complaint in the light most favorable to the plaintiff. *De Sole v. United States of America,* 947 F.2d 1169 (4th Cir.1991). A motion to dismiss should only be granted where the plaintiff can prove no set of facts which would entitle him to relief. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130 (4th Cir.1993), *cert. denied,* 510 U.S. 1197, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994). The court notes that any pleadings drafted by *pro se* litigants are held to less stringent standards than those presented to the court by an attorney. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The court should liberally construe such documents. But, there are reasonable limits on how far the court should go to liberally construe a *pro se* litigants pleadings. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277–78 (4th Cir.1985). Even viewing plaintiff's allegation

in the light most favorable to him, the court finds that the plaintiff has failed to allege sufficient facts which, if proven, would entitle him to relief.

■■■ Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). This short and plaint statement must provide "fair notice of the plaintiff's claims and grounds for relief." *Smith v. St. Bernards Reg. Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir.1994). The court has fully reviewed plaintiff's complaint and the profusion of additional documents he has filed, several in violation of Local Rule 4.05 and 4.06, and has great difficulty determining a theory under which plaintiff can recover from any of the defendants. As to the individually-named defendants, they are at best officers of defendant who plaintiff has had no contact with whatsoever. Plaintiff names MCI Network as a defendant even though that entity is merely an operating division of MCI Telecommunications, not a separate corporate entity. Frasher Aff. ¶ 3. But more importantly, even against the primary corporate defendant, plaintiff has failed to allege sufficient facts to justify recovery under any legal theory. There is nothing in plaintiff's complaint that resembles the short and plain statement of the claim, much less provide the defendants with fair notice of his claims for relief.

The court also notes that plaintiff is no stranger to court proceedings, having filed over twenty lawsuits since 1990. In fact, one of the judges in this district aptly addressed plaintiff's efforts in one case by recognizing that plaintiff has "painstakingly [proven] his penchant for producing prolific pleadings, and persists to the present in propounding a plethora of petty paperwritings prepared primarily to pester public servants. ... [Plaintiff's] lawsuits, without exception, have been vexatious, have been frivolous, and meritless." *In re Willis*, No. 7:95–MC–17–F, at 1–2 (E.D.N.C. Oct. 10, 1995) (Fox, J.). Plaintiff has also been noticed in several instances by courts in this district with show cause orders of why sanctions should not be imposed al-

though plaintiff has fortuitously escaped such sanctions in the previous actions.

This court finds plaintiff's present case to be another meritless filing and for these, as well as the above mentioned reasons, hereby GRANTS defendants' motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. Accordingly, the court need not address defendants' other basis for dismissing either part, or all, of plaintiff's complaint. Likewise, defendants' motion to strike is thusly DENIED as moot.

## CONCLUSION

For these reasons, defendants' motion to dismiss is GRANTED. The clerk is directed to close this case. Defendants' motion to strike is DENIED as moot.