PING HE (HAI NAM) COMPANY LIMITED, an alien corporation, Plaintiff,

v.

NONFERROUS METALS (U.S.A.) INC., a New York Corporation, Defendant.

Nonferrous Metals (U.S.A.) Inc., a New York Corporation, Plaintiff,

v.

Agricultural Bank of China, an alien corporation, Defendant.

Nos. 94 Civ. 4105(SS), 94 Civ. 6161(SS).

United States District Court, S.D. New York.

May 19, 1999.

Eliot Lauer, Samuel Rosenthal, Curtis, Mallet–Prevost, Colt & Mosle, New York City, for plaintiff Ping He (Hai Nam) Company Limited.

Mario M. Cuomo, Michael McIlwrath, Willkie Farr & Gallagher, New York City, for Weihua Tang and the Law Offices of Weihua Tang & Associates, P.C.

### MEMORANDUM OPINION AND ORDER

SOTOMAYOR, Circuit Judge.*

Attorney Weihua Tang, who represented defendant Nonferrous Metals (U.S.A.) Inc. ("NFM") in this action, moves for reconsideration of this Court's memorandum opinion and order dated September 10, 1998 sanctioning Tang under Fed.R.Civ.P. 11. Tang argues, among other things, that the Court failed to give him adequate notice under Rule 11(c) of the specific conduct alleged to violate the rule, and that the sanctions motion failed to comply with the procedural requirements of Rule 11(c)(1)(A). For the reasons set forth below, the Court grants the motion for reconsideration.

### BACKGROUND

The Court assumes familiarity with its memorandum order and opinion dated September 10, 1998 and recites herein only those facts that are relevant to Tang's motion for reconsideration.

On September 6, 1996, plaintiff Ping He (Hai Nam) Company Limited ("Ping He") and defendant Agricultural Bank of China ("Bank of China") filed a motion for summary judgment against NFM ("First Summary Judgment Motion"). On the same day, Ping He and Bank of China filed a separate motion for Rule 11 sanctions against NFM's attorney, Tang ("First Sanctions Motion"). In accordance with Rule 11(c)(1)(A), the First Sanctions Motion was filed separately from the summary judgment motion, specifically described the conduct alleged to violate Rule 11, and was served on NFM and Tang prior to being filed with the Court. The Court issued an order on September 13, 1996 warning Tang that "the [C]ourt [wa]s considering the motion for sanctions ... and advis[ing] counsel and NFM to exercise care and caution in admitting, denying, or qualifying NFM's responses." On February 11, 1997, following a hearing, the Court denied the First Summary Judgment Motion with leave to renew it. Although the Court did not specifically mention the First Sanctions Motion in its February 11 order, the Court understood that the motion had been denied. See Ping He (Hai Nam) Co. v. NonFerrous Metals (U.S.A.) Inc., 22 F.Supp.2d 94, 130 n. 31 (S.D.N.Y.1998).

On April 10, 1997, Ping He and Bank of China filed a second motion for summary judgment ("Second Summary Judgment Motion") and a second motion for Rule 11 sanctions ("Second Sanctions Motion"). Like the First Sanctions Motion, the Second Sanctions Motion was filed as a separate motion, specifically described the conduct alleged to violate Rule 11, and was served on NFM and Tang prior to being filed with the Court, in accordance with Rule 11(c)(1)(A).

On May 30, 1997, the Court held a hearing on the Second Summary Judgment Motion. At the close of the hearing, the Court stated:

> I am going to deny the motion, but with leave to give me more on this issue.... I am going to deny the motion for now, but I will let you do the limited discovery ... on those issues.... Why don't you come back in August and tell me what you have accomplished and what you have. I am not going to decide this motion. I will keep these papers and to the extent you

---

\* Sitting by designation.

have to file supplemental papers, you will file this in August.

On June 3, 1997, the Court issued an order denying the Second Motion for Summary Judgment, with leave to refile, for the reasons stated on the record on May 30, 1997. The Second Sanctions Motion was not mentioned either during the May 30 hearing or in the June 3 order. Immediately following the hearing, however, the Court's deputy clerk issued a memorandum to the docket clerk stating that "Plaintiffs' motion for sanctions (Doc # 66–1)[1] was DENIED for the reasons set forth on the record."

On September 26, 1997, Ping He and Bank of China again moved for summary judgment and Rule 11 sanctions ("Joint Motion for Summary Judgment and Sanctions" or "Joint Motion"). Their notice of motion specifically incorporated "the memoranda of law previously submitted to the Court for summary judgment and sanctions." In their brief, moreover, Ping He and Bank of China requested "that the Court consider these recent facts [set forth in the Joint Motion] in light of the previous motions filed by Ping He and [Bank of China] for sanctions pursuant to Rule 11." This latest motion for sanctions was not filed separately from the summary judgment motion, nor did it identify in detail the specific conduct alleged to violate Rule 11. It was, however, served on Tang at least thirty days before it was filed with the Court.

Approximately one year later, on September 10, 1998, the Court issued the following order correcting its June 3, 1997 order:

> The Court issues this Order to clarify and correct the docket in this case. As the docket correctly reflects, Ping He and Bank of China filed motions for summary judgment and sanctions in April 1997. At a motion hearing held before the Court on May 30, 1997, I told the parties that I was reserving judgment on those motions pending their submission of supplemental briefing. Although that was the Court's intent, the Court mistakenly issued an order, entered on June [3], 1997, denying Ping He's and Bank of China's summary

judgment and sanctions motions with leave to refile. That order was incorrect.

> By this Order, I ask the Clerk of the Court to correct docket entry # 72, and the entry dated May 30, 1997, to reflect that the Court at no time dismissed Ping He's and Bank of China's April 1997 motions for summary judgment and sanctions. I further note that this comports with the parties' understanding, as in September 1997, they followed the Court's direction to file supplemental briefs to their earlier submissions.

On the same day, the Court issued a memorandum opinion and order granting summary judgment to Ping He and Bank of China, denying the Second Sanctions Motions as to NFM and granting the Second Sanctions Motion as to Tang. Tang moves for reconsideration of the sanctions order only.

## DISCUSSION

■ A court may not impose Rule 11 sanctions without providing adequate notice and a reasonable opportunity to be heard. *See* Fed.R.Civ.P. 11(c). "[A] sanctioned attorney must receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter." *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 97 (2d Cir.1997). "The purpose of particularized notice is to put counsel 'on notice as to the particular factors he must address if he is to avoid sanctions.'" *Id.* at 96 (quoting *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1357 (3d Cir.1990)). A court's failure to provide adequate notice and an opportunity to be heard is grounds for reversal of an order imposing sanctions. *See Securities Indus. Ass'n v. Clarke*, 898 F.2d 318, 322 (2d Cir.1990), *overruled on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). In addition, where Rule 11 sanctions are imposed by motion, as here, the rule provides that "[a] motion for sanctions . . . shall be made separately from other motions or requests." Fed.R.Civ.P. 11(c)(1)(A); *see also L.B. Foster Co. v. America Piles, Inc.*,

---

**1.** Doc # 66–1 actually refers to NFM's cross-motion for summary judgment and sanctions dated April 10, 1997, which the Court denied on August 26, 1997.

138 F.3d 81, 89–90 (2d Cir.1998) (reversing sanctions order where party failed to move separately for sanctions).

■ When the Court sanctioned Tang in September 1998, it believed that the Second Sanctions Motion was still pending and that the Second Sanctions Motion provided Tang with the notice required under Rule 11. *See Ping He*, 22 F.Supp.2d at 130 n. 31. On review of the record, however, the Court cannot be certain that it afforded Tang adequate notice prior to imposing Rule 11 sanctions. The mistaken June 3, 1997 order denying the Second Motion for Summary Judgment and the unclear docket entry of May 30, 1997 created ambiguity as to whether the Second Sanctions Motion had been denied. In fact, in its September 10, 1998 order correcting the docket, the Court stated that the mistaken June 3, 1997 order had the effect of denying both the Second Motion for Summary Judgment and the Second Sanctions Motion. As a result, the Court is not satisfied that Tang had notice that the Second Sanctions Motion was still pending when the Court imposed sanctions on Tang in September 1998. Although the Court noted in its order correcting the docket that the parties understood that both the Second Summary Judgment Motion and the Second Sanctions Motion were still pending because they filed supplemental briefs in September 1997, the ambiguity created by the June 3, 1997 order and the May 30, 1997 docket entry—combined with the twelve-month lapse of time between the filing of supplemental briefs and the imposition of sanctions in September 1998—suggests that Tang may not have received the notice that he was due under Rule 11(c).

This potential defect in notice was not cured, moreover, by the filing of a new sanctions motion, *i.e.,* the Joint Motion for Summary Judgment and Sanctions. Although the Joint Motion was clearly pending when the Court sanctioned Tang in September 1998 and purported to incorporate the Second Sanctions Motion, it combined a motion for sanctions with a motion for summary judgment. The Joint Motion therefore failed to comply with Rule 11(c)(1)(A)'s requirement that a motion for sanctions be filed separately from other motions. As such, the Joint Motion did not provide an independent basis for imposing Rule 11 sanctions.

## CONCLUSION

The Court cannot be certain that it afforded Tang sufficient notice prior to imposing sanctions under Rule 11. Accordingly, the Court vacates its order of September 10, 1998 insofar as it pertains to the imposition of Rule 11 sanctions on Tang. The Court further schedules a conference for Friday, May 21, 1999, at 11:00 a.m., to determine whether Ping He and Bank of China wish to file a new motion for sanctions that fully complies with Rule 11(c)(1)(A).

**SO ORDERED.**