# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2564

_____

| | | |
|---|---|---|
| S & A Farms, Inc., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Farms.com, Inc., a North Carolina | * | |
| Corporation; Farms.com Risk | * | |
| Management, Limited, a Canadian | * | |
| Federal Corporation, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: February 16, 2012
Filed:   May 30, 2012

_____

Before RILEY, Chief Judge, WOLLMAN, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

S & A Farms, Inc. ("S & A") sued Farms.com Risk Management, Limited ("Farms.com"),[1] alleging that Farms.com violated the Commodity Exchange Act (CEA), breached its fiduciary duty, committed negligence, and made

_____

[1] S & A also sued Farms.Com, Inc., the district court granted summary judgment to both defendants although S & A did not contest summary judgment for Farms.Com, Inc. Rather, S & A only appeals the district court's grant of judgment in favor of Farms.com Risk Management, Limited.

misrepresentations. Farms.com moved for summary judgment on all of S & A's claims. The district court[2] granted Farms.com's motion for summary judgment. S & A now appeals. We affirm.

## I. *Background*

S & A is an Iowa corporation that produces soybeans, hogs, and corn and sells soybeans and hogs. Scout Renaud ("Renaud") and Abbie Renaud are S & A's sole officers, directors, and shareholders. Renaud is S & A's sole employee. Farms.com is a Canadian corporation that advises producers in the marketing and selling of crops and hogs.

In September 2007, based on a friend's recommendation, Renaud met with Victor Aideyan, a Senior Risk Management Consultant for Farms.com. At this meeting, Renaud sought risk-management advice for his corn and hog operations. On September 17, 2007, Aideyan and Renaud executed a Price Risk Management Service Letter. This letter obligated Farms.com to provide consulting services for S & A's corn inputs and hog outputs and obligated S & A to pay for these services.

After the September 2007 meeting, Renaud opened a commodities-trading account with MF Global, Inc. Although the account only authorized Renaud to make trades, he typically did so after consulting Aideyan. On some occasions, Aideyan would contact MF Global in advance or participate in conference calls with Renaud and MF Global to ensure that Renaud accurately communicated the trades as Aideyan advised. In September 2008, Aideyan left his employment at Farms.com. Maurizo Agostino replaced Aideyan as Renaud's investment advisor.

---

[2]The Honorable Robert W. Pratt, Chief Judge of the United States District Court for the Southern District of Iowa.

Between September 20, 2007, and February 24, 2009, Renaud made all of the trades reflected on his MF Global account, except for one, based on Aideyan's or Agostino's advice. During this time, Renaud's MF Global account lost a net value of $1,040,958.75. On February 24, 2009, S & A unilaterally liquidated its positions and stopped obtaining advice from Farms.com.

On December 8, 2009, S & A sued Farms.com, alleging, among other things, that it violated the Commodity Exchange Act (CEA), 7 U.S.C. § 1 et seq., by failing to register with the Commodity Futures Trading Commission (CFTC). In its complaint S & A alleged:

21. Defendants employed devices, scheme or artifice to defraud S & A.

22. Defendants engaged in a transaction practice or cause [sic] of business which operated as a fraud or deceit upon S & A.

23. Defendants failed to disclose to S & A that they were required to register with the Commodity Futures Trading Commission (CFTC) and had not done so. If S & A had known that Defendants were operating their business in violation of the Commodity Exchange Act it never would have done business with Defendants.

24. Defendants failed to disclose their trading experience and other material information required by CFTC regulations.

25. Defendants' actions were a proximate cause of damages to S & A.

S & A also asserted claims for breach of fiduciary duty, negligence, and misrepresentation under Iowa law.

On March 11, 2011, Farms.com moved for summary judgment on all of S & A's claims. The district court granted Farms.com's motion for summary judgment on all of S & A's claims. On S & A's fraud claim, the district court found that S & A

-3-

could not establish proximate cause—a necessary element under the CEA. Specifically, the district court found that 7 U.S.C. § 25(a)(1)'s language, which states that "[a]ny person . . . who violates this chapter . . . shall be liable for actual damages . . . caused by such a violation," requires that the CEA violation caused the harm. Because S & A could not show that Farms.com's unregistered status—the alleged CEA violation—proximately caused S & A's harm, the district court granted summary judgment in favor of Farms.com. Regarding S & A's breach-of-fiduciary-duty claim, the district court found that S & A produced no evidence of a commodity investment advisor's standard of care, nor did it produce evidence of how Farms.com breached that standard of care.[3]

## II. *Discussion*

On appeal, S & A argues that the district court erred in granting summary judgment in favor of Farms.com on its fraud claim under 7 U.S.C. § 6o(1)(B) and its Iowa breach of fiduciary duty claim.[4] "We review the district court's grant of summary judgment *de novo*." *Morrison Enters., LLC v. Dravo Corp.*, 638 F.3d 594, 602 (8th Cir. 2011) (quotation and citation omitted). "Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* (quotation and citation omitted).

---

[3]The district court also granted summary judgment in favor of Farms.com on S & A's negligence and misrepresentation claims, but S & A does not appeal the grant of summary judgment on those claims.

[4]S & A also argues that the district court erred by imposing a scienter requirement on 7 U.S.C. § 6o(1)(B). But because of our resolution of S & A's fraud claim, we need not address this argument.

## A. *S & A's CEA Fraud Claim*

S & A argues that the district court erred in granting summary judgment for Farms.com on its fraud claim. Specifically, S & A argues that the district court applied an incorrect standard of causation in analyzing its fraud claim. Farms.com counters, arguing that S & A did not plead fraudulent inducement; thus, S & A adduced no evidence that Farms.com's unregistered status proximately caused S & A's damages.

We must first determine whether S & A pleaded fraudulent inducement or if it only pleaded that Farms.com engaged in a fraudulent scheme because these claims, although similar, allege different types of causation.[5] "The federal rule that governs pleadings requires only that a complaint be 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2)). "This short and plain statement must provide 'fair notice of the plaintiff's claim and grounds for relief.'" *Id.* (quoting *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994)). "Furthermore, a court should construe the complaint liberally in the light most favorable to the plaintiff." *Id.* "Nonetheless, the complaint must still provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which

---

[5]"As a logical matter, it is unlikely that any private litigant could show 'actual damages' flowing from a [7 U.S.C. § 6d] violation because, as courts and the CFTC have recognized, [a defendant's] unregistered status, in and of itself, does not cause another financial damage." *Ping He (Hai Nam) Co. Ltd v. NonFerrous Metals (U.S.A.) Inc.*, 22 F. Supp. 2d 94, 108 (S.D. N.Y. 1998), *vacated in part on reconsideration on other grounds*, 187 F.R.D. 121 (S.D. N.Y. 1999). But, "[c]ast as a fraudulent inducement claim, there is a causal link between [the defendant's] alleged violation of the statute and [the plaintiff's] out-of-pocket losses because, the argument goes, 'but for' [the defendant's] misrepresentation or concealment of its unregistered status, a material fact, [the plaintiff] would not have opened the account with [the defendant] and would not have incurred any losses." *Id.*at 109.

it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[W]hile we recognize that the pleading requirements under the Federal Rules are relatively permissive, they do not entitle parties to manufacture claims, which were not pled, late into the litigation for the purpose of avoiding summary judgment." *N. States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1057 (8th Cir. 2004).

In its complaint, S & A alleges that: "Defendants failed to disclose to S & A that they were required to register with the Commodity Futures Trading Commission (CFTC) and had not done so. If S & A had known that Defendants were operating their business in violation of the Commodity Exchange Act it never would have done business with Defendants." S & A argues that these two sentences sufficiently apprised Farms.com that it was asserting a fraudulent-inducement claim. We disagree. Not only does the complaint not use the word "induce," but, as the district court found, the complaint's language tracks the language of 7 U.S.C. § 6*o*(1)(B), which a party typically uses to assert a fraud claim under the CEA, rather than 7 U.S.C. § 6b, which a party typically uses to assert a fraudulent-inducement claim. Moreover, the two sentences on which S & A relies are a part of a larger allegation of a fraudulent scheme. We read the complaint to allege that Farms.com's unregistered status was a part of the fraudulent scheme that proximately caused S & A harm, rather than a separate allegation of fraudulent inducement. Further, as the district court found, S & A failed to affirmatively state that it was pursuing a fraudulent-inducement claim until Farms.com moved for summary judgment. *See N. States Power Co.*, 358 F.3d at 1057. Under these facts, we find that S & A did not sufficiently plead a fraudulent-inducement claim under 7 U.S.C. § 6, but only alleged that Farms.com engaged in a fraudulent scheme under 7 U.S.C. § 6*o*(1)(B).

Next, we must determine whether the district court properly granted summary judgment on S & A's pleaded fraud claim. A party may recover damages for CEA violations under 7 U.S.C. § 25(a)(1), which provides:

Any person (other than a registered entity or registered futures association) who violates this chapter or who willfully aids, abets, counsels, induces, or procures the commission of a violation of this chapter shall be liable for actual damages resulting from one or more of the transactions referred to in subparagraphs (A) through (D) of this paragraph . . . .

The district court interpreted this language to require a plaintiff to show damages caused by the alleged CEA violation. We agree and read the plain language of § 25(a)(1) to require that a plaintiff show "damages . . . caused by [the CEA] violation." *Id.* Thus, it is not enough for a plaintiff to show a CEA violation and damages, rather a plaintiff must show that the CEA violation *proximately caused* the damages for which the plaintiff seeks relief.

Other courts addressing this section have reached similar conclusions. In *Hudson v. Wilhelm*, an investor sued a broker and brokerage firm for alleged fraud under 7 U.S.C. § 25(a)(1) for failing to register with the CFTC. 651 F. Supp. 1062, 1067–68 (D. Colo. 1987). In dicta, the court reasoned that, because § 25(a)(1) requires a link between the alleged violation and the alleged damages, "the statute clearly indicates the violation must cause the actual damages alleged." *Id.* at 1067. The court noted that "[w]hile the causation requirement of § 25 may be met more easily than defendants imagine, it is still a requirement which plaintiff must satisfy." *Id.*

Similarly, in *Ping He (Hai Nam) Co. Ltd. v. NonFerrous Metals (U.S.A.) Inc.*, an investor plaintiff sued a broker for fraud under 7 U.S.C. § 25(a)(1) for failing to register. 22 F. Supp. 2d 94, 107 (S.D. N.Y. 1998), *vacated in part on reconsideration on other grounds*, 187 F.R.D. 121 (S.D. N.Y. 1999). The district court noted, "[e]ven if [the defendant] violated every provision of the CEA or the CFTC rules, under the express language of [7 U.S.C. § 25(a)], [the plaintiff] is only authorized to bring suit,

and can only recover, for those violations that *caused* [the plaintiff] to suffer 'actual damages.'" *Id.* at 107 (emphasis added) (citing 7 U.S.C. § 25(a)).

Here, S & A's complaint alleges only a fraudulent scheme. It does not allege that Farms.com's failure to register caused its damages. As the *Ping He* court noted, "[a]s a logical matter, it is unlikely that any private litigant could show 'actual damages' flowing from a § 4d violation because, as courts and the CFTC have recognized, [a broker-defendant's] unregistered status, in and of itself, does not cause another financial damage." *Id.* at 108. Thus, the district court did not err by granting Farms.com's motion for summary judgment on S & A's fraud claim.

### B. *S & A's Breach-of-Fiduciary-Duty Claim.*

S & A also argues that the district court erred in granting summary judgment to Farms.com on its breach-of-fiduciary-duty claim. In response, Farms.com argues that S & A presented no evidence establishing a commodity investment advisor's standard of care or showing that Farms.com breached that standard of care. "As a federal court sitting in diversity jurisdiction, we apply the law that the forum state would apply." *Winthrop Res. Corp. v. Stanley Works*, 259 F.3d 901, 904 (8th Cir. 2001). Thus, we apply Iowa law to S & A's breach-of-fiduciary-duty claim.

"To prove breach of a fiduciary duty, the plaintiff must show a fiduciary relationship existed between the plaintiff and the defendants, the defendants breached that fiduciary duty, and the breach was a proximate cause of damage to the plaintiff." *Unterberger v. Bresnahan*, No. 09-015338, 2010 WL 2925843, at *3 (Iowa Ct. App. July 28, 2010). "Persons engaged in the practice of a profession or trade are held to the standard of the skill and knowledge normally possessed by members of that profession or trade in good standing in similar communities." *Humiston Grain Co. v. Rowley Interstate Transp. Co.,* 512 N.W.2d 573, 575 (Iowa 1994) (quotations and citations omitted). "The burden rest[s] upon [the plaintiff] to prove [the defendant]'s breach of this standard of care." *Id.* "Unless a professional's lack of care is so obvious

as to be within the comprehension of a layperson, the standard of care and its breach must ordinarily be established through expert testimony." *Id.*

In response to Farms.com's motion for summary judgment, S & A asserted that Nicholas Zagotta's expert report set forth the standard of care for commodity-trading advisors and also showed that Farms.com breached that standard. Zagotta opined:

> [T]he strategy of [Farms.com] was not an effective, efficient or legitimate strategy. It was not effective in that S&A lost $1,040,958.75 in its implementations, it was not efficient in that it would have and should have been much simpler and much smaller. . . . It was not a legitimate hedge strategy because the ratio of cash to derivatives was so much greater than 1:1 and because the S&A's purchases of cash corn obviated the need to hedge a large portion of the cash short.

Viewing the record, we find that S & A presented no evidence describing a commodity-trading advisor's standard of care or how Farms.com breached that standard of care. Zagotta's opinion failed to set forth a standard of care for commodity-trading advisors. Zagotta also did not state that Farms.com, as a investment trading advisor, breached its standard of care. Zagotta only faulted Farms.com's strategy as a poor hedge strategy. But nowhere in the record does S & A provide evidence that a commodity investment advisor must always recommend a proper hedge strategy when advising investors. A reasonable jury would have no way of determining whether Farms.com acted with "the standard of the skill and knowledge normally possessed by [commodity investment advisors]." *Humiston Grain Co.*, 512 N.W.2d at 575 (quotations and citations omitted). Thus, the district court did not err in granting Farms.com's motion for summary judgment on S & A's breach-of-fiduciary-duty claim.

-9-

### III. *Conclusion*

Accordingly, we affirm the district court's grant of Farms.com's motion for summary judgment on S & A's claims.

_____