23-1345-cv
*RMLB LLC v. CPM Mgmt. LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand twenty-four.

PRESENT:     DENNIS JACOBS,
             SARAH A. L. MERRIAM,
                  *Circuit Judges*,
             LAWRENCE J. VILARDO,
                  *District Judge*.[*]

_____

RMLB LLC; RELDAN METALS, INC.,

    *Plaintiffs-Appellants*,

      v.                                                    No. 23-1345-cv

CPM MANAGEMENT LLC, d/b/a
CPM Group,

    *Defendant-Appellee*.

_____

---

[*] Judge Lawrence J. Vilardo of the United States District Court for the Western District of New York, sitting by designation.

FOR PLAINTIFFS-APPELLANTS:     John Tyler Mills, Jolene Sproviero, Gordon & Rees, LLP, New York, NY.

FOR DEFENDANT-APPELLEE:     Anthony A. LoPresti, LoPresti, PLLC, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hall, *J.*).

**UPON DUE CONSIDERATION,** the September 5, 2023, judgment of the District Court is **AFFIRMED**.

Plaintiffs-appellants RMLB LLC and Reldan Metals, Inc. ("plaintiffs") appeal from a judgment of the District Court dismissing their Amended Complaint asserting claims under Section 215(b) of the Investment Advisors Act of 1940 ("IAA"), 15 U.S.C. §80b-15(b), and the Commodities Exchange Act ("CEA"), 7 U.S.C. §6*o*(1)(A)-(B). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

On July 3, 2018, plaintiffs entered into an agreement with defendant-appellee CPM Management LLC ("CPM"), which dictated the terms pursuant to which CPM was to (1) assist in transferring plaintiffs' precious metals to a new depository and (2) manage the investment of those metals and any related securities. Later that month, CPM advised plaintiffs that it had begun the process of moving the precious metals to a "London pool account." J. App'x at 16. "As part of the process of moving the [metals], it had to be determined how the plaintiffs' accounts would be identified." *Id.* at 16-17. In July and

August 2018, CPM advised plaintiffs of three options for identifying the accounts. On August 9, 2018, CPM advised plaintiffs that "the best approach" would be to identify the accounts as "CPM accounts," with plaintiffs "having a letter from CPM outlining the procedures in which the ultimate owner may step forward and claim the accounts, and/or specify that CPM no longer has authority over the accounts." J. App'x at 17 (emphasis removed). CPM confirmed on the same date that it would use this approach for account identification. The Amended Complaint does not allege that plaintiffs voiced any objection to this approach.

In November 2018, plaintiffs requested holding statements from CPM, but the statements were not provided until December 21, 2018, after plaintiffs made a second request. The holding statements listed CPM as the "owner" of the accounts. J. App'x at 20. On December 27, 2018, CPM advised plaintiffs that the accounts holding the precious metals were in CPM's name. CPM represented that it would immediately provide a letter to the depository explaining that it was holding the precious metals for plaintiffs, but it did not do so until January 7, 2019. From October 15, 2018, until January 7, 2019, plaintiffs had no possession or control of the precious metals, but by January 10, 2019, the metals had been transferred "from CPM . . . back to plaintiffs." J. App'x at 21-22. On February 13, 2019, plaintiffs learned that CPM had never transferred the metals to any depository that had a London pool account.

Plaintiffs filed the original complaint on June 23, 2020, asserting one claim under the IAA for rescission of the agreement with CPM. On October 13, 2020, plaintiffs amended their complaint to include a fraud claim under the CEA. On March 1, 2022, the

District Court entered an order directing plaintiffs to show cause (1) why their IAA claim should not be dismissed as time-barred, and (2) why their CEA claim should not be dismissed for failure to plead actual damages, as required by Section 22 of the CEA, 7 U.S.C. §25(a)(1). On September 1, 2023, after a hearing, the District Court dismissed the Amended Complaint. This appeal followed.

## STANDARD OF REVIEW

We review *de novo* a dismissal for failure to state a claim, including when dismissal is based on the statute of limitations. *See Ajdler v. Province of Mendoza*, 890 F.3d 95, 99 (2d Cir. 2018). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). In reviewing a dismissal for failure to state a claim, "we accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor." *Ajdler*, 890 F.3d at 99 (citation and quotation marks omitted). We do not, however, accept as true threadbare legal conclusions. *See Iqbal*, 556 U.S. at 678.

## THE IAA CLAIM

Count I of the Amended Complaint asserts a claim under Section 215(b) of the IAA, 15 U.S.C. §80b-15(b). For substantially the reasons stated in the District Court's memorandum and order, we agree that plaintiffs' IAA claim is time-barred and that the continuing-wrong theory does not extend the applicable statute of limitations. *See RMLB LLC v. CPM Mgmt. LLC*, No. 1:20CV02786(LDH), 2023 WL 5672040, at *2-4 (E.D.N.Y. Sept. 1, 2023); *see also Kahn v. Kohlberg, Kravis, Roberts & Co.*, 970 F.2d

4

1030, 1039-42 (2d Cir. 1992).

In any event, plaintiffs do not have a private right of action for rescission under Section 215(b) of the IAA. "Section 215(b) provides a cause of action for rescission of contracts (1) that were made in violation of the IAA or (2) the performance of which involves the violation of the IAA." *NexPoint Diversified Real Est. Tr. v. Acis Cap. Mgmt., L.P.*, 80 F.4th 413, 415 (2d Cir. 2023). Under Section 215(b), a contract's performance violates "the IAA only if performing a contractual duty requires conduct prohibited by the IAA." *Id.* The Amended Complaint does not allege that the agreement at issue was made in violation of the IAA. Nor does it allege, and the agreement itself does not reflect, that performing under the agreement "require[d] a party to engage in conduct prohibited by the IAA." *Id.* at 422. Rather, the allegations of the Amended Complaint at most suggest that CPM breached its obligations under the agreement. Accordingly, plaintiffs do not have a private right of action under Section 215(b) to void the agreement. *See id.* at 421 (Section 215(b) "authorize[s] rescission only when performance of the contract *itself* is unlawful, not merely when the *conduct* of a party to the contract is unlawful.").

## THE CEA CLAIM

Count II of the Amended Complaint alleges that CPM violated section 4*o*(1) of the CEA, 7 U.S.C. §6*o*(1)(A)-(B). The District Court dismissed plaintiffs' CEA claim "for failure to plead the threshold requirements of Section 22, particularly actual damages." *RMLB LLC*, 2023 WL 5672040, at *5.

"Section 22 of the CEA provides a private right of action, permitting a party to sue any person who violates this chapter and hold that person liable for actual damages

5

resulting from one or more of the transactions listed in the statute," including receiving trading advice for a fee. *Laydon v. Coöperatieve Rabobank U.A.*, 55 F.4th 86, 95 (2d Cir. 2022) (citation and quotation marks omitted); *see also* 7 U.S.C. §25(a)(1) ("Any person . . . who violates this chapter . . . shall be liable for actual damages *resulting from one or more of the transactions* referred to in" the statute. (emphasis added)). To state a plausible claim for violation of the CEA, the Amended Complaint must "plead actual injury caused by the violation in addition to the elements of whatever violation [plaintiffs] allege." *Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 111 (2d Cir. 2018) (citation and quotation marks omitted).

Plaintiffs assert that the District Court erred in dismissing the CEA claim because they adequately pled "incidental damages," *i.e.*, attorney and accounting fees, which "are not specifically excluded per the CEA." Appellants' Br. at 12. But even if such damages are cognizable under the CEA, the claim would fail because plaintiffs have failed to allege that their damages were *caused* by CPM's trading advice. *See Harry*, 889 F.3d at 111; *cf. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 388 (1982) (To assert a prior-implied anti-fraud cause of action under the CEA, a plaintiff was required to prove "the statutory violations, the causal connection between the violations and the injury, and the amount of damages."). Indeed, the Amended Complaint contains *no* allegations that plaintiffs suffered any actual injury resulting from the placement of the precious metals in an account solely in CPM's name for three months. There are no allegations that CPM traded the precious metals during this time or that the metals lost value. To the contrary, the Amended Complaint alleges that CPM's "acts of taking

6

ownership of [the precious metals] created . . . *potential liability*" because the precious metals "*could have* been easily taken away, sold, seized, purchased, traded or lost." J. App'x at 22 (emphasis added). Such allegations are far too speculative to state a claim under Section 22 for actual damages.

In sum, the Amended Complaint contains no plausible allegations of actual damages "resulting from" the claimed CEA violation. *See, e.g.*, *Gamma Traders - I LLC v. Merrill Lynch Commodities, Inc.*, 41 F.4th 71, 78 (2d Cir. 2022) ("Because the CEA ultimately makes offending parties liable for actual damages, CEA plaintiffs must establish that they were personally harmed by the defendant's fraudulent trading activity. Thus, to state a claim for relief under the CEA, a plaintiff must plausibly plead that the defendant took an action that had an impact on the plaintiff's position, and that that impact was negative." (citation and quotation marks omitted)); *S & A Farms, Inc. v. Farms.com, Inc.*, 678 F.3d 949, 953 (8th Cir. 2012) ("[I]t is not enough for a plaintiff to show a CEA violation and damages, rather a plaintiff must show that the CEA violation *proximately caused* the damages for which the plaintiff seeks relief.").[1] Accordingly, the District Court did not err in dismissing plaintiffs' CEA claim.

\* \* \*

---

[1] Tellingly, when pressed on this issue at oral argument before the District Court, plaintiffs could not articulate, other than the claimed attorney and accountant fees, where in the Amended Complaint they had pled actual damages resulting from the claimed CEA violation.

7

We have considered plaintiffs' remaining arguments and find them to be without merit. Therefore, and for the foregoing reasons, the judgment of the District Court is **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court
